O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| LUIS CHAVEZ, | Case No. EDCV 09-1591-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration, | |
| Defendant. | |

Plaintiff Luis Chavez seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Social Security Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

I.  **Background**

Plaintiff was born on May 24, 1962. (Administrative Record ("AR") at 8.) He completed the fourth grade and has no other educational or vocational training. (AR at 8, 163.) Plaintiff was employed for eleven

1    years as a forklift operator. (AR at 15, 167.)

2          Plaintiff filed an application for benefits on August 21, 2007,

3    alleging that he had been disabled since May 1, 2003 due to a right

4    ankle fracture (AR at 40, 118-120.) Plaintiff's application was denied

5    initially on November 20, 2007, and upon reconsideration on April 18,

6    2008. (AR at 45-49, 53-57.) An administrative hearing was held on

7    February 4, 2009, before Administrative Law Judge ("ALJ") Lowell Fortune

8    at which Plaintiff was represented by attorney Bill LaTour. (AR at 5-

9    20.) Plaintiff testified at the hearing (AR at 8-9, 14-15, 17), as did

10   Medical Expert ("ME") Dr. Landau (AR at 10-13), and Vocational Expert

11   ("VE") Alan E. Cummings (AR at 16-19).

12         On February 24, 2009, ALJ Fortune denied Plaintiff's application

13   for benefits. (AR at 37-44.) The ALJ found that Plaintiff had not

14   engaged in substantial gainful activity during the period at issue. (AR

15   at 39.) The ALJ further found that the medical evidence established that

16   Plaintiff suffered from the severe impairment of a right ankle disorder.

17   (Id.) However, the ALJ concluded that Plaintiff's impairments did not

18   meet, or were not medically equal to, one of the listed impairments in

19   20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ next found

20   that Plaintiff retained the residual functional capacity ("RFC") to:

21         perform a full range of light work as defined in 20 C.F.R.

22         404.1567(b) except as according to the medical expert at the

23         hearing, the claimant can stand/walk 2 hours of an 8-hour

24         workday for 15-30 minutes at a time, with the use of a cane as

25         needed and uneven surfaces should be avoided. He can sit 6

26         hours of an 8-hour workday with normal breaks such as every 2

27         hours. He can lift/carry 10 pounds frequently and 20 pounds

28         occasionally. He can occasionally stoop and bend. He can climb

                                         2

1   stairs, but he cannot climb ladders, work at heights, or

2   balance. He cannot operate foot pedals or controls with the

3   right lower extremity." (Id.)

4   The ALJ determined that Plaintiff was unable to perform his past

5   relevant work as a forklift operator. (AR at 42.) However, the ALJ found

6   that there were jobs that exist in significant numbers in the national

7   economy that Plaintiff could perform (20 C.F.R. 404.1569, 404.1569a),

8   such as inspector, packager and assembler. (AR at 42-43.) The ALJ

9   concluded that Plaintiff was not disabled within the meaning of the

10  Social Security Act. *See* 20 C.F.R. § 416.920(f).

11  On June 22, 2009, the Appeals Council denied review (AR at 1-3) and

12  Plaintiff timely commenced this action for judicial review. On April 20,

13  2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed

14  facts and issues. Plaintiff contends that the ALJ erred by: (1) failing

15  to include in the hypothetical question posed to the VE Plaintiff's use

16  of a cane and his preclusion from walking on uneven surfaces; (2)

17  improperly determining that Plaintiff could perform the job of hand

18  packager/inspector; (3) failing to elicit a reasonable explanation from

19  the VE regarding the inconsistency between the Directory of Occupational

20  Titles ("DOT") and Plaintiff's ability to communicate in English,

21  marginal education, illiteracy and language skills; (4) finding that

22  Plaintiff could perform dowel inspector and assembler jobs despite his

23  inability to speak English; and (5) failing to give clear and convincing

24  reasons for discounting Plaintiff's credibility. (Joint Stp. at 3.)

25  Plaintiff seeks a reversal of the Commissioner's denial of his

26  application and payment of benefits or, in the alternative, remand for

27  a new administrative hearing. (Joint Stp. at 45-46.) The Commissioner

28  requests that the ALJ's decision be affirmed. (Joint Stp. at 46-47.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to make a proper credibility determination to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for

---

[1]  Because the ALJ erred by failing to provide clear and specific reasons for determining that Plaintiff was not fully credible, the Court does not reach the remaining issues and will not decide whether any of these issues would independently warrant relief. Upon remand, the ALJ may wish to consider the other issues raised by Plaintiff.

4

1  that of the ALJ." *Robbins*, 466 F.3d at 882.

2

3  **III.  Discussion**

4      Plaintiff contends the ALJ improperly discredited his subjective
5  symptom testimony. (Joint Stp. at 35.) To determine whether a claimant's
6  testimony about subjective pain or symptoms is credible, an ALJ must
7  engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
8  Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th
9  Cir. 2007)). First, the ALJ must determine whether the claimant has
10 presented objective medical evidence of an underlying impairment which
11 could reasonably be expected to produce the alleged pain or other
12 symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces
13 objective medical evidence of an underlying impairment, an adjudicator
14 may not reject a claimant's subjective complaints based solely on a lack
15 of objective medical evidence to fully corroborate the alleged severity
16 of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en
17 banc). To the extent that an individual's claims of functional
18 limitations and restrictions due to alleged pain is reasonably
19 consistent with the objective medical evidence and other evidence in the
20 case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL
21 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

22     Unless there is affirmative evidence showing that the claimant is
23 malingering, the ALJ must provide specific, clear and convincing reasons
24 for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883.

25 _____

26     [2]  "The Secretary issues Social Security Rulings to clarify the
   Secretary's regulations and policy .... Although SSRs are not published
27 in the federal register and do not have the force of law, [the Ninth
   Circuit] nevertheless give[s] deference to the Secretary's
28 interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff testified that he has persistent pain in his right foot and ankle and that he has to "always rest" because of the pain. (AR at 14.) He further testified that the pain sometimes causes problems with concentration and that he has been required to use a cane since 2002. (Id.) Here, the ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 40.) He was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ provided two reasons for rejecting Plaintiff's subjective testimony to the extent it indicated limitations greater than those articulated in the RFC assessment:

The claimant testified that he has not worked since January 2002. However, this is contradicted by the record. He reported to medical personnel in May 2008, that he "worked last week in maintenance." In addition, the claimant told his doctor he

6

1    would prefer to postpone surgery while he is in school, which
2    would be finished in 13 months.

3  (AR at 40.) Neither of these findings are supported by substantial
4  evidence in the record.

5       At the administrative hearing held on February 4, 2009, Plaintiff
6  testified that from January 2002 until the date of the hearing, he had
7  not "done any kind of work for pay or any other compensation for any
8  period of time." (AR at 9.) In support of his finding that Plaintiff's
9  testimony is contradicted by the record, the ALJ seems to be referring
10 to a single notation from Plaintiff's medical records, dated May 21,
11 2008, in which a physician's assistant at Arrowhead Regional Medical
12 Center wrote "last employment last week  →  maintenance." (AR at 366.)[3]

13      This single notation in the medical record is simply not clear and
14 convincing evidence contradicting Plaintiff's testimony that he had not
15 worked for pay or compensation since January 2002. Indeed, there is no
16 evidence in the record as to whether this "maintenance" work was
17 compensated, or whether Plaintiff did some maintenance work for a friend
18 or on his own home. Further, there is no indication in the record
19 describing the nature of the work, how long it was performed,[4] or how
20 physically demanding it was. If the ALJ truly believed that this
21 notation in Plaintiff's medical records contradicted his testimony that
22 he was unable to work, the ALJ could have questioned Plaintiff at the

23

24      [3]  The ALJ did not provide a citation to the record.

25      [4]  It should also be noted that he ability to work for short periods
26 in the past does not alone demonstrate that Plaintiff "has residual
   functional capacity for work activity on a regular and continuing
   basis." 20 C.F.R. §§ 404.1545, 416.945. *See also Lewis v. Apfel*, 236
27 F.3d 503, 516 (9th Cir. 2001) ("Occasional symptom-free periods - and
   even the sporadic ability to work - are not inconsistent with
28 disability.").

administrative hearing about this apparent discrepancy.

The second reason given by the ALJ for rejecting Plaintiff's testimony was a notation in Plaintiff's medical records, dated July 2, 2008, in which Plaintiff stated that he wished to postpone surgery on his ankle until he was finished with school in thirteen months. (AR at 40, 365.) Although not entirely clear from the record, it appears that Plaintiff was completing a retraining program in order to qualify for sedentary type work. (AR at 366, 375.) The ALJ does not state how Plaintiff's postponement of surgery in order to complete a training program negatively affects Plaintiff's credibility. (AR at 40.) Nor did the ALJ question Plaintiff regarding this training program. It is entirely unclear from the record whether the training program involved any physical tasks that would discredit or undermine Plaintiff's subjective complaints. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (noting that if a claimant is able to spend a substantial part of the day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain).

In support of the argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner points to other evidence in the record which purportedly contradicts Plaintiff's subjective statements. (Joint Stp. at 42-43.) For example, the Commissioner notes that Plaintiff was able to perform certain household chores, such as yard work, gardening and cooking. (Joint Stp. at 42, AR at 240.) The Commissioner also points out that much of Plaintiff's medical history is related to his abuse of alcohol. (Joint Stp. at 42.) Even assuming that these are sufficient reasons for the ALJ to discredit

8

Plaintiff's subjective complaints, the ALJ did not cite this evidence in support of his credibility determination. It would be error for this Court to affirm the ALJ's decision based on reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The reasons given by the ALJ were insufficient to reject Plaintiff's testimony regarding his symptoms and related limitations. The ALJ appears not to have considered the record as a whole, but instead emphasized only selective evidence which was unfavorable to Plaintiff. Accordingly, the ALJ's reasons for discrediting Plaintiff's testimony are not supported by substantial evidence in the record.

**V.   Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876 (remanding case for reconsideration of credibility determination).

//

Here, the ALJ failed to explain with sufficient specificity the basis for his determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of his symptoms. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: April 27, 2010

_____
Marc L. Goldman
United States Magistrate Judge

10