1
2                                              O
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**
8                         **EASTERN DIVISION**
9

| | | |
|---|---|---|
| 10 LUIS CHAVEZ, | ) | Case No. EDCV 09-1591-MLG |
| 11           Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | GRANTING IN PART PLAINTIFF'S |
| 12      v. | ) | MOTION FOR EAJA ATTORNEY FEES |
| | ) | |
| 13 MICHAEL J. ASTRUE, | ) | |
|    Commissioner of the | ) | |
| 14 Social Security | ) | |
|    Administration, | ) | |
| 15 | ) | |
|            Defendant. | ) | |
| 16 _____ | ) | |

17

    On April 27, 2010, the Court entered an Opinion and Order reversing the Commissioner's decision denying Plaintiff's applications for Social Security Disability Insurance and Supplemental Security Income benefits and remanding the case for further administrative proceedings. On June 15, 2010, Plaintiff filed a motion for award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et. seq*.

    Plaintiff seeks an award in a total amount of $6,440.65, which consists of the following: (1) $5,479.14 for work on the merits of the case, representing 29.08 hours of attorney time at $172.24 per hour and 3.91 hours of paralegal time at $120 per hour; (2) $961.51 for counsel's work on the fee litigation, which represents 4.83 hours of attorney time

and 1.08 hours of paralegal time; and (3) $1,274.96 for preparation of the reply memorandum, representing 7.17 hours of attorney time and .3 hours of paralegal time. The total number of hours for which Plaintiff is seeking attorney fees is 46.37 (41.08 attorney hours and 5.29 paralegal hours).

Defendant opposes Plaintiff's application for attorney fees, arguing that the government's position was "substantially justified," pursuant to 28 U.S.C. § 2412(d)(1)(A), precluding any award of fees, and alternatively, that the hours incurred are excessive. (Def.'s Opp. at 1-2.)

Having considered the motion for attorney fees, Defendant's opposition, and the reply, as well as the records and pleadings, the Court finds that the remand of Plaintiff's claim for a new administrative hearing constitutes a favorable decision and that the Commissioner's position was not "substantially justified." Accordingly, Plaintiff is entitled to an award of reasonable attorney fees. However, the Court concludes that the number of hours for which counsel seeks reimbursement is excessive, and shall therefore be reduced.

**II. Discussion**

    **A. Plaintiff Is Entitled to Attorney Fees As the Prevailing Party Because the Government's Position Was Not Substantially Justified**

The EAJA provides that a court may award reasonable attorney fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Lewis v.*

*Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). A position is "substantially justified" if it has a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 565. The government has the burden of proving its positions were substantially justified. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988.)

Here, judgment was entered in favor of Plaintiff, remanding the case for further administrative proceedings because the Administrative Law Judge ("ALJ") failed to provide legally sufficient reasons for finding Plaintiff not fully credible. The Court found that the ALJ's reasons for rejecting Plaintiff's subjective pain and symptom testimony, a single notation in Plaintiff's medical records that he had worked in maintenance the previous week and the fact that Plaintiff had postponed surgery in order to go to school, were not supported by substantial evidence in the record. Defendant argued that these were sufficient reasons to discredit Plaintiff's subjective testimony, a position which was not "substantially justified," *Flores*, 49 F.3d at 570. Accordingly, Plaintiff is entitled to an award of EAJA fees.

**B.  The Hours Claimed by Plaintiff Are Excessive**

Defendant contends that the amount of time Plaintiff's counsel claims that she spent on the case is excessive and requests that the fees be reduced accordingly. This Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party.

3

*Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The court should exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining reasonableness, the court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience.[1] *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975). In reducing a fee award, the court must provide a reasonable explanation of how it arrived at the number of compensable hours in determining the appropriate fee. *Sorenson,* 239 F.3d at 1145; *Hensley*, 461 U.S. at 437.

The amount of time required to litigate any case can be highly variable and is the subject of much debate. In similar cases decided in this district, courts generally approve time expenditures of between approximately 18 to 27 hours, although of course some courts have approved a fewer or greater number of hours. *See, e.g., Rodelo v. Astrue*, 2009 WL 1774279 (C.D.Cal. 2009) (18.5 hours); *Montellano v. Astrue*, 2009 WL 3074402 (C.D.Cal. 2009) (17.6 hours); *Barrera v. Astrue*, 2009 WL 1916488 (C.D.Cal. 2009) (17 hours); *Rickel v. Astrue*, 2009 WL 1774305 (C.D.Cal. 2009) (24.7 hours); *Smith v. Astrue*, 2009 WL 649192 (26.5 hours).

After reviewing the time records Plaintiff's counsel submitted and the pleadings in this matter, the Court finds that the requested time,

---

[1] Of the 12 factors used to evaluate attorney-fee claims, the articulated factors relate to the reasonableness of the time expended.

4

46.7 hours total, is excessive. The case presented five routine issues that are commonly raised in social security cases, which, although well written and presented, should not have required the amount of time sought. Counsel spent 29 hours and 5 minutes and the paralegal spent three hours and 55 minutes on the settlement statement and joint stipulation, both of which argued common issues. Counsel's request is simply unreasonable.

Further, Plaintiff is not entitled to an award of attorney fees for positions he challenged but which the Court did not decide when reversing the decision of the Commissioner. *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. January 25, 2010). Plaintiff argues that *Hardisty* does not bar recovery for EAJA fees on the four issues that the Court did not address because *Hardisty* "is not valid precedent." Pl.'s Reply at 7. Rather, Plaintiff argues that *Hensley* controls, and that *Hensley* holds that a plaintiff is entitled to recover fees for time expended on issues not reached. The Court rejects this argument because *Hensley* involved the availability of attorney fees for civil rights litigants under 28 U.S.C. § 1988, not a request for attorney fees under the EAJA. 461 U.S. at 429. Accordingly, *Hardisty* is binding precedent which prohibits awarding attorney fees for issues not considered by the court.

Based upon the Court's review of the record, taking into account the length of the briefs, the Court concludes that 20 hours of attorney time and two hours of paralegal time, for a total of 22 hours, is a reasonable time on the merits of the case. Indeed, this is generous in light of the one issue decided by the Court. Plaintiff is therefore entitled to 20 hours of attorney time (20 hours x $172.24 = $3444.80) and two hours of paralegal time (2 hours x $120 = $240.00), for a total of $3684.80. In addition, the Court will award fees for the fee

litigation and the reply in the amount of three hours of attorney time (3 hours x $172.24 = 516.72) and one hour of paralegal time (1 hour x $120.00 = $120.00), for a total of $636.72. This award is more than fair given the routine nature of the issues raised in this case, and it falls in line with time expenditures approved by this and other courts for this type of work.[2] The Court further finds that the hourly rate requested by counsel, $172.24, is authorized. Plaintiff is therefore entitled to a total amount of $4,321.52 ($3684.80 for merits litigation + $636.72 for fee litigation) in EAJA fees.

Further, because it appears that Plaintiff has validly assigned his EAJA fees to counsel, see Pl.'s Pet., Ex. 3, the fees should be paid to Plaintiff's attorney, as Plaintiff's assignee.

**III. Conclusion**

Plaintiff's motion for EAJA fees is GRANTED IN PART. It is ordered that Plaintiff's counsel be awarded fees in the amount of $4,321.52.

DATED: July 20, 2010

_____
Marc L. Goldman
United States Magistrate Judge

---

[2] The Court notes that it is not rejecting counsel's assertions that she spent the amount of time alleged. Rather, the Court is simply concluding that the amount of time spent was unreasonable under the circumstances. Lawyers work at different paces and speeds. A non-prevailing party should not be penalized in a fee-shifting context because a lawyer's style of working results in greater than reasonable time being spent on preparing a pleading.

6